UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
FEB 27 2017
ARTHUR JOHNSTON
BY _____ DEPUTY

KENNETH WILLIAMS, on behalf of
himself and those similarly situated,

    Plaintiff,

CASE NO.: 3:17-cv-132 CWR-FKB

vs.

SPARTAN TECHNOLOGIES, LLC, a
Foreign For Profit Corporation, and
INTEC COMMUNICATIONS, LLC,

    Defendants.
_____/

### COMPLAINT & DEMAND FOR JURY TRIAL
(Collective Action Complaint)

Plaintiff, Kenneth Williams, on behalf of himself and those similarly situated ("Plaintiff"), brings this action against, Defendant, Spartan Technologies, a foreign for profit corporation, and Defendants, Spartan Technologies, LLC, and Intec Communications, LLC, for unpaid overtime compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

### I. NATURE OF SUIT

The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of

living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

2. This action is intended to include each and every cable technician whom worked for the Defendants at any time within the past three (3) years.

## II. PARTIES

3. At all times material hereto (2014 – 2017), Plaintiff was a cable technician and performed related activities for Defendants in Madison County, Mississippi, among others.

4. Defendant, Spartan Technologies, LLC, has its headquarters in Pasadena, Texas with offices in the State of Mississippi, therefore venue is proper in the Southern District of Mississippi pursuant to 28 U.S.C. § 1391(b) & (c).

5. At all times material hereto, Defendant, Spartan Technologies, is a business and technology consulting firm that focuses on architecting business solutions providing IT staffing and digital services, and hires, fires, and otherwise assists in supervising employees on behalf of its commercial clients, such as Defendant, Intec Communications, LLC.

6. At all times material hereto Defendant, Intec Communications, LLC, was and continues to be a Domestic Business Corporation, with its principle place of business located in Southlake, Texas and with eight offices throughout, including in Ridgeland, Mississippi.

7. At all times material hereto Defendant, Intec Communications, LLC, was and continues to be a full service provider of residential and commercial installation services to the Broadband

Cable and Telecommunications serving millions of consumers, small businesses and many of the world's prominent corporate, institutional, and government clients.

### III. JURISDICTION

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

9. The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

### IV. COVERAGE

10. At all times material hereto Plaintiff was jointly employed by Defendants, within the meaning of FLSA.

11. At all times material hereto (2014-2017), Defendants were Plaintiff's "employer" within the meaning of FLSA.

12. Defendants were and continue to be an "employer" within the meaning of FLSA.

13. At all times material hereto, Defendants were and continue to be "an enterprise engaged in commerce" within the meaning of FLSA.

14. At all times material hereto, each of the Defendants were and continue to be an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

15. Based upon information and belief, the annual gross revenue of Defendant, Spartan Technologies, was in excess of $500,000 per annum during the relevant time periods.

16. Based upon information and belief, the annual gross revenue of Defendant, Intec Communications, LLC, was in excess of $500,000 per annum during the relevant time periods.

17. Defendants combined annual gross revenue was in excess of $500,000 per annum during the relevant time periods.

18. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including, but not limited to, cable installation supplies, tools, and equipment.

19. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA, because Plaintiff handled telephone calls and computer transactions on a regular and frequent basis as part of his job duties while employed by Defendants.

## V. STATEMENT OF FACTS

20. Defendant, Spartan Technologies, provides cable installation and repair services to cable providers in Mississippi on a project resource, consulting and outsourcing basis on behalf of its commercial client, Defendant, Intec Communications, LLC, in the State of Mississippi and elsewhere.

21. Defendant, Intec Communications, LLC, is a full service provider of residential and commercial installation services to the Broadband Cable and Telecommunications serving millions of consumers, small businesses, and many of the world's prominent corporate, institutional and government clients, including companies such as Comcast.

22. Plaintiff and those similarly situated are/were cable technicians whom were hired by Defendant, Spartan Technologies, as sub-contractors for Defendant, Intec Communications, LLC and performed duties for Defendant, Intec Communications, LLC, in order to assist consumers subscribed to services for Broadband Cable and Telecommunications with companies or corporations such as Comcast.

23. Plaintiff and those similarly situated employees were jointly employed by Defendants as cable technicians at all times relevant hereto, and performed installation, repair, construction and supervisory work for Defendants' throughout their employment.

24. Plaintiff was recruited to work as a cable technician by Defendant, Spartan Technologies.

25. Defendant, Spartan Technologies recruited cable technicians to perform work for Defendant, Intec Communications, LLC.

26. Plaintiff worked in this capacity from approximately September 2013 through August 2015.

27. Plaintiff and those similarly situated, were paid by the job or commonly referred to as "piece rate."

28. Specifically, Plaintiff's wages were based on the job performed, not the amount of hours worked whether Plaintiff worked more or less than forty (40) hours.

29. Plaintiff was paid as an employee.

30. Defendants' cable technicians are required to show up at a specific time in the morning, and at such location are handed out specific orders with instructions as to specific work which must be completed by that day or within a matter of hours, and each contractor is provided with specification books as to how each such installation, repair, or construction work is to be performed.

31. All of the telecommunication equipment used by the Plaintiff and those similarly situated must be picked up from a facility on Defendants' property where Defendants inform each cable technician of the amount of equipment needed to perform the jobs for that day.

32. Virtually all of the cable technicians work well over forty (40) hours per week.

33. Typically, the cable technicians work or have worked between fifty-five (55) and eighty (80) hours per week without overtime compensation.

34. If Defendants or its cable providers are unsatisfied with work performed by the cable technicians, Defendants require such cable technicians to go out and correct any deficiency, and

to make any repairs and on such occasions the cable technicians are not paid for their time to correct such problems.

35. Plaintiff, Kenneth Williams, worked as a cable technician for Defendants.

36. Plaintiff was not paid a salary.

37. Plaintiff was responsible for assisting Defendant, Intec Communications, LLC, with their customers.

38. Plaintiff worked at Defendants' offices in the State of Mississippi.

39. Defendants provided Plaintiff and other similarly situated cable technicians the tools and equipment in order to perform the work (i.e., cable installation supplies, tools, equipment, etc.).

40. Defendant, Spartan Technologies, LLC, trained Plaintiff.

41. Defendant, Spartan Technologies, LLC, monitored and critiqued the work of Plaintiff and other similarly situated.

42. Defendant, Intec Communications, LLC, monitored and critiqued the work of Plaintiff and other similarly situated employees.

43. Defendants, jointly, informed Plaintiff and other similarly situated employees if they were not performing the job duties and functions according to Defendants' standards.

44. Plaintiff and other similarly situated cable technicians performed similarly, if not identical, job duties as the cable technicians whom worked directly for Defendants.

45. Plaintiff and other similarly situated cable technicians whom were hired by Defendant, Spartan Technologies, worked on the same orders or for the same customers as those for Defendant, Intec Communications, LLC.

46. Defendants, jointly, controlled the daily work hours of Plaintiff and other similarly situated employees.

47. Defendants, jointly, determined if Plaintiff and other similar situated cable technicians worked greater than eight (8) hours in a day (or forty (40) hours within a week).

48. Plaintiff and other similarly situated cable technicians needed permission from Defendants in order to take time off from work.

49. Plaintiff and those similarly situated cable technicians routinely worked in excess of forty (40) hours per week as part of their regular job duties.

50. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff and those similarly situated to him overtime compensation at a rate of time and one-half their regular rate of pay for the hours worked over forty (40) hours in each workweek.

51. Despite their recognition that Plaintiff and those similarly situated are non-exempt under the FLSA, and entitled to overtime premium pay, Defendants failed, and continue to fail, to pay Plaintiff and those similarly situated any premium compensation when they worked more than forty (40) hours per week.

52. Despite their recognition that Plaintiff and those similarly situated are non-exempt under the FLSA, and entitled to overtime premium pay, Defendants failed and continue to fail to pay Plaintiff and those similarly situated proper overtime premium compensation for all overtime hours worked each week.

53. Defendants have employed and are employing other individuals as cable technicians throughout who perform or have performed the same or similar job duties under the same pay provisions as Plaintiff and other similarly situated employees.

54. Defendants have violated Title 29 U.S.C. §207 and continue to-date, in that:

    a. Plaintiff and those similarly situated worked in excess of forty (40) hours per week for the period of employment with Defendants;

     b.    No payments or insufficient payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff and those similarly situated at the statutory rate of one and one-half times their regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

     c.    Defendants have failed to maintain proper time records as mandated by the FLSA.

55. Plaintiff and those similarly situated have retained the law firm of MORGAN & MORGAN, PLLC to represent them in the litigation and have agreed to pay the firm a reasonable fee for its services.

## VI. COLLECTIVE ACTION ALLEGATIONS

56. Plaintiff and other similarly situated employees ("Class Members"), performed the same or similar job duties as one another in that they provided cable installation/repair services for Defendants.

57. All of Defendants' cable technicians are paid by the job.

58. Further, Plaintiff and the Class Members were subjected to the same pay provisions in that they were paid by the job and not compensated at time and one-half for all hours worked in excess of forty (40) hours in a workweek during the time period when they were misclassified as independent contractors. Thus, the Class Members are owed overtime wages for the same reasons as Plaintiff.

59. Defendants' failure to compensate employees for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that cable technicians are paid for overtime hours worked.

60. This policy or practice was applicable to Plaintiff and the Class Members. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applies to all Class Members. Accordingly, the Class Members are properly defined as:

> **All cable technicians who worked for Spartan Technologies, LLC while servicing work orders and/or contracts for Intec Communications, LLC within the last three (3) years**

61. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

62. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law; (b) the FLSA, 29 U.S.C. § 201, *et seq.;* (c) Department of Labor Wage & Hour Opinion Letters; and/or (d) the Code of Federal Regulations.

63. During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time and one-half for all hours worked in excess of forty (40) hours in a work week.

64. Defendants have acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

65. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 – 64 above.

66. Plaintiff and the Class Members are or were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per workweek.

67. During Plaintiff's and the Class Members' employment with Defendants, Plaintiff and the Class Members regularly worked overtime hours but were not paid time and one-half compensation for same.

68. Specifically, Plaintiff and the Class Members were paid a "piece rate" method of payment without any additional premium payment of time or one-half their regular rate of pay for hours they worked in excess of forty (40) within a workweek.

69. In addition, Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff and the Class Members.

70. Also, Defendants failed to post required FLSA informational listings as required by the FLSA for Plaintiff and the Class Members.

71. As a result of Defendants' willful violation of the FLSA, Plaintiff and the Class Members are entitled to liquidated damages.

72. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to him, time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff and the Class Members have suffered damages, as well as incurring reasonable attorneys' fees and costs.

## COUNT II
### RECOVERY OF UNPAID MINIMUM WAGE (FEDERAL)

73. Plaintiff alleges and reincorporates all allegations contained in Paragraphs 1 – 64 as if incorporated herein.

74. At all relevant times, Defendants have been, and continue to be, an employer engaged in commerce and for the production of goods for commerce, within the meaning of the FLSA.

75. At all relevant times, Defendants employed, and/or continues to employ Plaintiff and/or similarly situated cable technicians.

76. As stated above, Defendants have a policy of paying Plaintiff and those similarly situated a "piece rate" method of payment regardless of the number of hours actually worked.

77. The "piece rate" paid by the Defendants would vary depending on what kind of installation or repair the Plaintiff and other similarly situated cable technicians would perform.

78. Plaintiff and those similarly situated often worked in excess of eighty (80) hours per week and only received the piece rate of pay without any additional compensation for the hours worked in excess of forty (40) within a week.

79. There have been many weeks where Plaintiff and those similarly situated have been paid less than the statutory minimum wage for all hours worked as a result of Defendants' piece rate method of payment.

80. Such a policy and practice violates the FLSA's minimum wage provisions.

81. Defendants' failure to pay Plaintiff and other cable technicians the full minimum wage is a violation of 29 U.S.C. § 206.

82. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

**WHEREFORE**, Plaintiff, and all other similarly situated employees, demand judgment against Defendants for:

   a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

   b) The payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate him/them;

c) The payment of all regular hours worked at no less than the statutory minimum wage;

c) Liquidated damages;

d) Reasonable attorneys' fees and costs incurred in this action;

e) A declaration that Plaintiff and the Opt-in Plaintiffs were employees of Defendants under the terms of the FLSA and not independent contractors;

f) Pre- and post-judgment interest as provided by law;

g) Trial by jury on all issues so triable; and

h) Any and all further relief that this Court determines to be appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated this 27th day of February, 2017.

_____
Christopher W. Espy, Esq.
MS Bar No.: 102424
MORGAN & MORGAN, PLLC
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Tel.: (601) 718-2087
Fax: (601) 718-2102
Email: CEspy@forthepeople.com