IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| KENNETH WILLIAMS, on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPARTAN TECHNOLOGIES, LLC, a Foreign For Profit Corporation, and INTEC COMMUNICATIONS, LLC<br><br>Defendants. | CASE NO. 3:17-cv-132 CWR-FKB |

## MEMORANDUM IN SUPPORT OF MOTION OF INTEC COMMUNICATIONS, LLC TO DISMISS OR FOR MORE DEFINITIVE STATEMENT

**COMES NOW** Intec Communications, LLC, ("Intec"), a Defendant herein, and files this its Memorandum in Support of its Motion to Dismiss or for More Definitive Statement under Rules 8(a) and (d), and 12(b)(6), 12(e) and 12(f) of the Federal Rules of Civil Procedure, as to Plaintiff's Complaint and Demand for Jury Trial filed on February 27, 2017 ("the Complaint"), and Intec shows as follows:

### A. SUMMARY OF THE MOTION

*"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [citations omitted]. Factual allegations must be enough to raise a right to relief above the speculative level [citations omitted]."*

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Complaint filed by Kenneth Williams ("Plaintiff") seeks to recover damages for alleged non-payment of overtime pay under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) ("FLSA"). The Complaint alleges nothing more than elements of the claims asserted, and asserts these claims collectively against the Defendants, but as against Intec Plaintiff has plead little more than "guilt-by-association," failing to allege any specific wrongdoing by Intec. Those few allegations naming Intec specifically are conclusory, the basis of which is never disclosed. The Complaint fails to meet the minimum "plausibility" requirements of pleading under the Federal Rules of Civil Procedure in addition to failing to plead specific facts when alleging violations of the FLSA, and it should therefore be dismissed.

### B. PROCEDURAL BACKGROUND

By this reference, Intec incorporates herein its references to the Complaint and the procedural background set as out in Intec's Motion to Dismiss or for More Definite Statement.

### C. MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT AND SUPPORTING BRIEF

1. The general requirements for a plaintiff's pleadings are found in Rule 8(a) of the Federal Rules of Civil Procedure, which require, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of this Rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Conley v. Gibson*, 355 U.S. 41, 47 (1957). In analyzing a complaint for purposes of a motion to dismiss, the trial court is confined to the complaint itself, and the documents attached to the complaint. *See Wilson v. Birnberg*, 667 F.3d 591, 600 (5th Cir. 2012).

2. The United States Supreme Court revisited the requirements of Rule 8(a)(2), and held that the Rule embodies a plausibility requirement, requiring sufficient facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim that is plausible on its face, a plaintiff must provide more than unadorned, the-defendant-unlawfully-harmed-me accusation[s]. *Iqbal*, 556 U.S. at 678. [A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement. *See Id.* Rather, the factual content the plaintiff is required to plead must allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Id.* While the pleader need not show that he will probably prevail, a pleading that provides no more than a sheer possibility that a defendant has acted unlawfully will not suffice. *See Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not "show[n]" - - "that the pleader is entitled to relief." *Id.* at 679. The Supreme Court instructed that while factual allegations must be accepted as true by the trial court, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* at 678. A Court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *See Id.* at 679.

3. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir.

1995). Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Id.* (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

4. For the reasons detailed above, the Plaintiff's frustratingly general and entirely conclusory allegations do not meet the pleading specificity requirements for a complaint under the Federal Rules of Civil Procedure, and they do not constitute sufficient notice to Intec to allow it a fair opportunity to know of what it is specifically accused of and the chance to properly respond. Plaintiff repeatedly asserts that "Defendants, jointly and severally" committed actions, but with no specific facts to support what Intec specifically did or did not do. Additionally, in many instances Plaintiff simply makes the assertion that Defendants did or failed to do some act without specifying which Defendant is alleged to have committed or failed to perform the act and how it was done.

### D. CONCLUSION

Therefore, Intec prays that the Complaint be dismissed as to it or, alternatively, that the Court order that Plaintiff replead facts as to Intec as required by the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Intec prays that the Complaint be dismissed as to Intec, or alternatively, that the Plaintiff be required to plead facts specifically as to Intec's involvement in the alleged wrongdoing.

        Respectfully submitted,

        DEFENDANT INTEC COMMUNICATIONS, LLC

        By: /s/Sam S. Thomas
            SAM S. THOMAS (MSB #8307)

        ATTORNEY FOR DEFENDNAT INTEC
        COMMUNICATIONS, LLC

OF COUNSEL:

THOMAS LAW, P.C.
POST OFFICE BOX 2790 (39130)
115-A HOMESTEAD DRIVE
MADISON, MISSISSIPPI 39110
(601) 355-3668 (TELEPHONE)
(601) 427-0041 (FACSIMILE)
sst@samthomaslaw.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was served upon counsel for Plaintiff, and upon all counsel of record, by ECF on this the 31st day of March, 2017.

/s/Sam S. Thomas
SAM S. THOMAS