**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**KENNETH WILLIAMS**                                                               **PLAINTIFF**

**V.**                                                      **CAUSE NO. 3:17-CV-00132-CWR-FKB**

**SPARTAN TECHNOLOGIES, LLC,** *et al.*                           **DEFENDANTS**

**ORDER**

Before the Court is Defendant Intec Communications, LLC's motion to dismiss and Plaintiff's motion for leave to amend. Docket Nos. 6 and 13. Both matters have been fully briefed, and the Court is ready to rule.

**I.**     **Factual and Procedural History**

Intec Communications, LLC is a full service cable provider. The company contracted with Spartan Technologies, LLC to do cable installation and repair services for its Mississippi customers. Kenneth Williams, a cable technician, alleges that Spartan hired him to perform these services and that he was "jointly employed" by Spartan and Intec. He brought this collective action under the Fair Labor Standards Act against both companies for unpaid overtime and minimum wage violations.

Intec says the complaint fails to allege an employer-employee relationship between Williams and Intec. It asks the Court to dismiss for failure to state a claim, or alternatively, order a more definite statement. Although Williams opposes the motion, he seeks leave to amend the complaint by adding more detailed facts. Intec insists that the proposed amendment would be futile.

## II.   Legal Standard

When considering a motion to dismiss for failure to state a claim, the Court accepts the plaintiff's factual allegations as true and makes all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To proceed, the complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78 (quotation marks and citation omitted).  This requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but the complaint need not have "detailed factual allegations." *Id.* at 678 (quotation marks and citation omitted).  The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

## III.   Discussion

Federal Rule of Civil Procedure 15(a) allows amendment of the complaint "as matter of course within" 21 days after service of the answer or a Rule 12(b) motion, whichever is earlier. Williams sought leave to amend his complaint 14 days after Intec's answer and motion to dismiss were filed.  The request for leave is therefore granted.  The merits of the motion to dismiss will be assessed in light of the proposed amendment.

The Fifth Circuit applies the economic reality test to determine whether an employer-employee relationship exists under the FLSA.  *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012) (quotation marks omitted).  This test requires the Court to consider whether the alleged employer:

> (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.  In cases where there may be more than one employer, this court must apply the economic

>realities test to each individual or entity alleged to be an employer and each must satisfy the four part test.

*Id.* at 355 (quotation marks omitted). "No one factor is dipositive, but rather, 'the determination is based upon the circumstances of the whole activity.'" *Howard v. John Moore*, *L.P.*, No. H–13–1672, 2014 WL 5090624, at *4 (S.D. Tex. Oct. 9, 2014) (quoting *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947)). Employer status must be construed liberally and not restricted by "formalistic labels or common-law notions of the employment relationship." *Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190, 194 (5th Cir. 1983), *abrogated on other grounds by Reich v. Bay, Inc.*, 23 F.3d 110, 117 n.4 (5th Cir. 1994).

Taking the allegations as true, Williams has sufficiently pled an employer-employee relationship with Intec. The allegations indicate that Intec supervised Williams, determined his pay rate, and was at least responsible for maintaining his employment records. For example:

>42.   Intec monitored and critiqued the work of Plaintiff and other similarly situated employees.
>
>43.   Specifically, Tom Miller, a manager for Intec, and a Spartan Technologies quality control employee, supervised Plaintiff's work and the work of other cable technicians. If he or its cable providers were unsatisfied with work performed by a cable technician, he would require such cable technicians to go out and correct any deficiency, and to make any repairs. Cable technicians were not paid for their time to correct such problems on those occasions.
>
>. . . .
>
>50.   Plaintiff and other similarly situated cable technicians needed permission from Defendants in order to take time off from work.
>
>51.   Plaintiff and other similarly situated cable technicians also had to call Intec after completing their last scheduled job for the day to determine if there were any additional jobs that needed to be performed that day.
>
>. . . .
>
>72.   In addition, Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff and the Class Members.

. . . .

> 80.    . . . Defendants have a policy of paying Plaintiff and those similarly situated a "piece rate" method of payment regardless of the number of hours actually worked.

Docket No. 13-1.[1]

Though Williams says nothing of Intec's ability to hire and fire him, each factor need not be satisfied. *Gray*, 673 F.3d at 357 ("[T]he Fifth Circuit 'has on several occasions found employment status even though the defendant-employer had no control over certain aspects of the relationship . . . .'"). The fact that he was hired by Intec's subcontractor, Spartan, is also not dispositive, because one's status as an independent contractor "does not necessarily imply the contractor is solely responsible for [the wages and hours] of his employees. Another employer may be jointly responsible . . . ." *Hodgson v. Griffin v. Brand of McAllen, Inc.*, 471 F.2d 235, 237 (5th Cir. 1973). Taken as a whole, the allegations state that Intec was a joint employer with Spartan.

**IV.   Conclusion**

Accordingly, Intec's motion to dismiss or for a more definite statement is denied. Plaintiff's motion to file his amended complaint is granted. Plaintiff shall file the amended complaint within 7 days of the entry of this Order.

**SO ORDERED**, this the 25th day of July, 2017.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE

---

[1] Williams' failure to differentiate Intec from Spartan, generally referring to them both as "Defendants," is of no consequence to the motion to dismiss. The Court can reasonably infer that the allegations apply to each company. *See Murillo v. Coryell Cty. Tradesmen, LLC*, No. 15-3641, 2017 WL 1133113, at *8 (E.D. La. Mar. 27, 2017) (finding similarly-general allegations sufficient).