

No. 3:17-CV-00132-CWR-FKB

KENNETH WILLIAMS,

*Plaintiff,*

*v.*

SPARTAN TECHNOLOGIES, LLC,

*Defendant.*

───────────────

ORDER GRANTING SUMMARY JUDGMENT

───────────────

Before CARLTON W. REEVES, *District Judge*.

Kenneth Williams, a former cable technician with Spartan Technologies, sued Spartan under the Fair Labor Standards Act for systematically failing to pay him and other cable technicians overtime compensation – and for paying them below

the statutory minimum wage.[1] Williams served Spartan with a request for admissions on June 23, 2017. The deadline for responding to that request has long passed.[2] Spartan never responded, nor have they responded to any of Williams' pleadings.

When a party fails to respond to a request for admission, that admission is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."[3] No party has requested the admission be withdrawn or amended. Instead, on the basis of Spartan's admissions, Williams has moved for summary judgment on his overtime claim (but not their minimum wage claim).

A court can grant summary judgment when the record, including "admissions" establish that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."[4] In the Fifth Circuit, admissions can establish "a broad range of matters, including ultimate facts, as well as applications of law to fact."[5] Thus, failure to respond to a request for admission can lead to a grant of sum-

---

[1] Williams also sued Intec Communications on the same grounds, but the two parties reached a settlement and the claims against Intec Communications have been dismissed. *See* Docket No. 67.

[2] *Case Management Order*, Docket No. 27; *see also Motion for Summary Judgment*, Docket No. 61 (describing timeline of response deadlines).

[3] Fed. R. Civ. P. 36(b).

[4] Fed. R. Civ. P. 56.

[5] *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) (citations omitted).

mary judgment, a "hars[h]" result that is nevertheless "necessary to insure the orderly disposition of cases."[6] To see if such a result is necessary here, the Court must apply Spartan's admissions to the elements of William's overtime claim.

The Act covers employees employed by enterprises with an annual gross sales volume of at least $500,000.[7] Spartan admits it meets this threshold.[8] Williams is therefore an Act-protected employee.

The Act requires covered employees to be paid time-and-a-half for all work done beyond the usual forty-hour workweek.[9] Spartan admits that it employed Williams, that Williams regularly worked more than 40 hours per week, and that Williams was not paid time-and-a-half for the overtime work he did.[10] Spartan therefore admits it is liable for violations of the Act's overtime compensation provisions.

The scope of Spartan's liability depends on how many of Williams' overtime hours went uncompensated.[11] To ease calculating those hours, the Act requires employers to keep records of employees' time worked.[12] When an employer has failed to keep those records, an employee can establish the hours

---

[6] *Id*. at 421.

[7] 29 U.S.C. § 203(s)(1).

[8] Request for Admission No. 8, Docket No. 61-3.

[9] 29 U.S.C. § 207(a)(1).

[10] Request for Admission Nos. 1-3, Docket No. 61-3.

[11] 29 U.S.C. § 216(b).

[12] 29 U.S.C. § 211(c).

3

worked by proving they have "performed work for which he was improperly compensated" and that the employee has "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."[13] The employer may respond by proving that the employee's estimate of time worked lacks "reasonableness."[14] However, if the employer fails to make such a response, "the court may then award damages to the employee" based on the "approximate" number of improperly compensated overtime hours.[15]

Spartan admits that it failed to keep records of the actual hours Williams worked.[16] However, Williams has provided no evidence of hours worked. The Court will therefore reserve making a damages award.

Employers who violate the Act's overtime provisions are liable for both unpaid overtime wages and "an additional equal amount as liquidated damages."[17] An employer can avoid this doubling of damages only if it shows that the failure to pay overtime "was in good faith and that [there was] reason-

---

[13] *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), superseded by statute on other grounds.

[14] *Id*. at 687-88.

[15] *Id*.

[16] Request for Admission No. 14, Docket No. 61-3.

[17] 29 U.S.C. § 216(b).

4

able grounds for believing that [the failure] was not a violation of the [Act]."[18] In the Fifth Circuit, "good faith requires some duty to investigate potential liability under the [Act]."[19]

Spartan admits that it failed to consult with any attorney, labor consultant, or Department of Labor employee to determine if its payroll practices violated the Act.[20] Given these admissions, the Court finds no good faith defense and the damages award will be doubled.

The Court will GRANT Williams' motion for summary judgment on the issue of liability. Williams is entitled to an award equal to twice the amount of his unpaid overtime wages. The precise scope of this award remains to be addressed.

SO ORDERED, this the 21st day of September, 2018.

s/ CARLTON W. REEVES<br>
*United States District Judge*

---

[18] 29 U.S.C. § 260.

[19] *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 469 (5th Cir. 1979).

[20] Request for Admission Nos. 15-17, Docket No. 61-3.